BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: LOCAL LIGHTHOUSE CORP. TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | ) ) ) ) ) ) | MDL NO. 2644 |

**INTERESTED PARTIES' RESPONSE OF PLAINTIFFS/PUTATIVE CLASS REPRESENTATIVES IN BOTH *BALLON V. LOCAL LIGHTHOUSE CORP*. AND *GRUNDON V. LOCAL LIGHTHOUSE CORP* IN SUPPORT OF DEFENDANT'S MOTION FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Robert Ballon Andrew Grundon and Martin Mackerel, plaintiffs and putative class representatives in the related actions *Ballon v. Local Lighthouse Corp.,* Case No.1:15-cv-00802-JVS-JPR (C.D. CA., filed May 22, 2015) and *Grundon v Local Lighthouse Corp.,* 15-cv-00825-KJM-CKD (E.D. CA., filed April 16, 2015), submit this Interested Party Response to the pending motion for transfer and pretrial coordination or consolidation pursuant to 28 U.S.C. § 1407. (Dkt. No. 1).

Plaintiffs Robert Ballon, Andrew Grundon and Martin Mackerel (hereinafter "Plaintiffs") agree that the related actions pending against defendant Local Lighthouse Corp. (hereinafter "Defendant" or "Local Lighthouse") should be coordinated and centralized for pretrial proceedings. Plaintiffs support transfer to the Honorable James V. Selna, United States District Judge for the Central District of California, or to any of the other United States District Judges in the Southern Division of the Central District of California. Santa Ana is the location that would serve as the most convenient, centralized location for parties and witnesses. Alternatively,

Plaintiffs support transfer to the Eastern District of California where the related action *Grundman v. Local Lighthouse Corp.*, Case No. 1:15-cv-00825-KCM-CKD (E.D. CA., filed April 16, 2015) is pending.

## INTRODUCTION

***Transfer and Centralization is Appropriate.*** Plaintiffs agree that it is proper to coordinate the pending related actions against Local Lighthouse pursuant to 28 U.S.C. § 1407(a). Centralized pretrial coordination is appropriate where "civil actions involving one or more common questions of fact are pending in different districts," and transfer for centralized pretrial coordination "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

The four putative class actions now pending in district courts nationwide are based on the same underlying facts (improper automated phone calls) and involve claims primarily based on violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). While there are slightly different secondary claims under State privacy and telephone laws, the disposition of the claims will turn on adjudication of identical or comparable issues and identical conduct. Thus, transfer of the related actions for centralized pretrial coordination is appropriate here.

***Suggested Transferee Courts.*** The four actions were filed in four different district courts. Local Lighthouse requested this matter be transferred to the Honorable James V. Selna, United States District Judge for the Central District of California, Southern Division. Plaintiff Ballon's matter is pending before Judge Selna. Plaintiffs in all four matters met and conferred and agreed on a first choice for a district judge and venue. Plaintiffs understand that Local Lighthouse concurs with Plaintiffs on the first choice. There may remain a slight disagreement on a second District Court among the Plaintiffs.

## ARGUMENT

28 U.S.C. § 1407 provides for the transfer and coordination of proceedings to conserve judicial resources, promote efficient management of litigation, and avoid inconsistent rulings. The Judicial Panel on Multidistrict Litigation ("Panel") has recognized that where "actions share factual allegations. . .", as they do with the related Local Lighthouse actions, "[c]entralization will eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 867 F. Supp. 2d 1356, 1356 (J.P.M.L. 2012). Transfer and coordination of the related actions here is appropriate because common questions of law and fact exist, and the consolidation or coordination of these proceedings will surely "promote the just and efficient conduct of [the] actions." 28 U.S.C. §1407(a).

### A. **Transfer to the Central District of California, Southern Division, is Appropriate**

Plaintiffs suggest the Central District of California, Southern Division, based upon their accessibility, the convenience of the parties, experience in handling significant multidistrict cases and other relevant issues.  Defendant, its employees, and former employees and most of the documentary evidence are very likely located within a short drive from the Santa Ana courthouse (the driving time, as opposed to distance is more relevant in Southern California than other venues).

Furthermore, while there are four related actions, TCPA cases, and this one in particular, is not overly complex.  There are a handful of threshold issues for class certification and only one defendant.

The Panel has recognized that witness proximity plays an important factor in evaluating a transfer venue. *See, e.g., In re: Schnuck Markets, Inc. Customer Data Security Breach Litig.*, 978 F. Supp. 2d 1379, 1381 (J.P.M.L. 2013) (finding the transferee forum to be appropriate because the relevant witnesses will likely be found in that district); *In re Seroquel Prod. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006).  Unlike most cases today, the vast majority of witnesses should be located near the Defendant's principal place of business in Tustin, California, which is not even four (4) miles from the Santa Ana Courthouse.

### B.     Central District of California, Southern Division, MDL Experience

The Judges in the Central District of California, Southern Division, and Judge Selna in particular, have substantial experience managing MDL cases, and are not presently overburdened with a large MDL caseload, compared to other venues.  There are currently three (3) pending MDL matters in the Central District of California, Southern Division.  *See In re: Medical Capital Securities Litigation* (MDL-2145) ("*Medical Capital*"); *In re: MyKey Technology Inc. Patent Litigation* (MDL-2461); *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation* "*Toyota*").  There are also other TCPA cases pending in the Central District of California, Southern Division.  Given Judge Selna's experience with multidistrict litigation, along with the similar experience of other jurists within the Central District of California, Southern Division, transfer to this venue is appropriate. *See In re L'Oreal Wrinkle Cream Mktg. & Sales Practices Litig.*, 908 F. Supp. 2d 1381, 1392 (J.P.M.L. 2012) (transferring actions to "a jurist experienced in multidistrict litigation to steer [the actions] on a prudent course.").

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel enter an order

coordinating the related Local Lighthouse actions together with any other similar actions subsequently filed or removed, and transferring the cases to the Central District of California, Southern Division, preferably with Judge Selna, or alternatively, the Eastern District of California.

Dated:  June 18, 2015  Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

Todd M. Friedman (SBN 216752)
*tfriedman@attorneysforconsumers.com*
Suren N. Weerasuriya (SBN 278521)
*sweerasuriya@attorneysforconsumers.com*
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., Suite 725
Beverly Hills, California 90212
Telephone:  877-206-4741
Fax:  866-633-0228

*Counsel for the Ballon Plaintiffs*

By: */s/ Robert K. Friedl*
      _____

      Jordan L. Lurie (SBN 130013)
      Jordan.Lurie@capstonelawyers.com
      Robert K. Friedl (SBN 134947)
      Robert.Friedl@capstonelawyers.com
      Tarek H. Zohdy (SBN 247775)
      Tarek.Zohdy@capstonelawyers.com
      Cody R. Padgett (SBN 275553)
      Cody.Padgett@capstonelawyers.com
      Capstone Law APC
      1840 Century Park East, Suite 450
      Los Angeles, California 90067
      Telephone: (310) 556-4811
      Facsimile: (310) 943-0396

      Attorneys for Plaintiffs Andrew Grundman and Martin MacKerel

BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br>LOCAL LIGHTHOUSE CORP.<br>TELEPHONE CONSUMER PROTECTION<br>ACT (TCPA) LITIGATION | MDL NO. 2644 |

PROOF OF SERVICE

I hereby certify that a copy of the foregoing Interested Parties' Response and this Proof of Service were filed using the Court's electronic case filing system (CM/ECF), and, except as noted below, served through the ECF system, which automatically sent a notice of electronic filing to the e-mail addresses of the following on the 18th day of June, 2015:

| | |
|---|---|
| *Counsel for Defendant Local Lighthouse Corp.*<br>David G. Hagopian<br>Jeffrey L. Sikkema<br>Carothers DiSante & Freudenberger LLP<br>2600 Michelson Drive, Suite 800<br>Irvine, California 92612<br>dhagopian@cdflitigation.com<br>jsikkema@cdflitigation.com<br>lmagana@cdflitigation.com | *Counsel for Defendant Local Lighthouse Corp.*<br>(via US Mail)<br>Christopher N. Weiss<br>J. Will Eidson<br>Stoel Rives LLP<br>600 University Street, Suite 3600<br>Seattle, Washington 98101<br>cnweiss@stoel.com<br>jweidson@stoel.com |
| *Counsel for Plaintiff Robert Ballon*<br>Todd M. Friedman<br>Suren N. Weerasuriya<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Drive, Suite 725<br>Beverly Hills, California 90212<br>tfriedman@attorneysforconsumers.com<br>sweerasuriya@attorneysforconsumers.com | *Counsel for Plaintiff Andrew Grundman*<br>Robert K. Friedl<br>Jordan L. Lurie<br>Tarek H. Zohdy<br>Cody R. Padgett<br>Capstone Law APC<br>1840 Century Park East, Suite 450<br>Los Angeles, California 90067<br>Robert.friedl@capstonelawyers.com<br>Jordan.lurie@capstonelawyers.com<br>Tarek.zodhy@capstonelawyers.com<br>Cody.padgett@capstonelawyers.com |

| *Counsel for Plaintiff Andrew Grundman* <br> (via US Mail) <br> Bassil A. Hamideh <br> The Hamideh Firm P.C. <br> 1801 Century Park East, Suite 2400 <br> Los Angeles, California 90067 <br> bhamideh@hamidehfirm.com | *Counsel for Plaintiff Noah Wick* <br> (via US Mail) <br> Kim D. Stephens <br> Jessica T. Stevenson <br> Chase C. Alvord <br> Jason T. Dennett <br> 1700 Seventh Avenue, Suite 2200 <br> Seattle, Washington 98101 <br> calvord@tousley.com <br> jstevenson@tousley.com <br> jdennett@touslet.com <br> kstephens@tousley.com |
|---|---|
| *Counsel for Plaintiff Paul Barrett* <br> Steven L. Woodrow <br> Woodrow & Peluso, LLC <br> 3900 East Mexico Avenue, Suite 300 <br> Denver, Colorado 80210 <br> swoodrow@woodrowpeluso.com | |

Dated: June 18, 2015                                                  Kristensen Weisberg, LLP

By: /s/ *John Kristensen*
John Kristensen
(john@kristensenlaw.com)
Kristensen Weisberg, LLP
12304 Santa Monica Boulevard
Suite 100
Los Angeles, California 90025
Telephone: (310) 507-7924
Facsimile: (310) 507-7906

*Attorneys for Plaintiff:*
Case No.8:15-cv-00802-JVS-JPR: *Robert Ballon v. Local Lighthouse Corp.*, in the Central District of California