UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LOCAL LIGHTHOUSE CORP. TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION          MDL No. 2644


ORDER DENYING TRANSFER


    **Before the Panel:** Defendant Local Lighthouse Corp. (Lighthouse) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation currently consists of four actions pending in the Central District of California, the Eastern District of California, the Western District of North Carolina, and the Western District of Washington, as listed on Schedule A.[1] Plaintiffs in all of the actions support the motion.

    On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some common factual questions relating to allegations that Lighthouse violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing marketing calls to plaintiffs' cellular and landline telephones using an automatic telephone dialing system or prerecorded voice, without the plaintiffs' consent. There are, however, only five actions pending (including the recently-noticed related action). Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Lighthouse has not met that burden here, as the factual issues are neither particularly complex nor numerous. Furthermore, counsel for plaintiffs indicated at oral argument a willingness to cooperate and coordinate with one another to eliminate any inconsistent or duplicative pretrial practice. When feasible, such voluntary cooperation or coordination among the parties and the involved courts is preferable to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

---

    [1] The Panel has been notified of an additional related action pending in the District of Oregon.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: LOCAL LIGHTHOUSE CORP. TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION          MDL No. 2644

## SCHEDULE A

<u>Central District of California</u>

BALLON v. LOCAL LIGHTHOUSE CORP., ET AL., C.A. No. 8:15-00802

<u>Eastern District of California</u>

GRUNDMAN v. LOCAL LIGHTHOUSE CORP., C.A. No. 2:15-00825

<u>Western District of North Carolina</u>

BARRETT v. LOCAL LIGHTHOUSE, INC., C.A. No. 3:15-00132

<u>Western District of Washington</u>

WICK v. LOCAL LIGHTHOUSE CORP., C.A. No. 2:15-00482